# EXHIBIT A

FILED
12/31/2020 11:08 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Case 3:21-cv-00255-E Document 1-1 Filed 02/04/21 Page 2 of 42 PageID 10

**CC-20-05635-A**

CAUSE NO. _____

| | | |
|---|---|---|
| **GLENN BALKA,** | § | **IN THE COUNTY COURT** |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **AT LAW NO. _____** |
| | § | |
| **LIC-A-LOAD TRUCKING L.L.C., and** | § | |
| **D'ANDRE DOMINIQUE REID,** | § | |
| *Defendants* | § | **DALLAS COUNTY, TEXAS** |

---

**PLAINTIFF'S ORIGINAL PETITION AND WRITTEN DISCOVERY TO DEFENDANTS**

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Glenn Balka, herein "Plaintiff" complaining of and against Lic-A-Load Trucking L.L.C., herein "Lic-A-Load Trucking" and D'Andre Dominique Reid, (herein "Defendants") and would respectfully show unto the Court as follows:

## I. DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery under Discovery Level 3 pursuant to Rule 190.4 of the TEX. R. CIV. P. Written discovery requests to Defendants are set forth below, including Request for Disclosure, Request for Production, Request for Admissions, and Interrogatories. Responses to discovery requests are due fifty (50) days from the date Defendants are served with this Petition.

## II. TEXAS RULE 47 STATEMENT OF MONETARY RELIEF SOUGHT

Plaintiff states that the monetary relief sought is $74,500.00.

## III. PARTIES AND SERVICE

Plaintiff is a resident of Tarrant County, Texas.

Defendant, Lic-A-Load Trucking Services, L.L.C., is an entity that is registered to do business in the State of Texas and may be served by serving its registered agent, United States Corporation Agents, Inc., located at <u>4445 CORPORATION LANE, SUITE 259, VIRGINIA</u>

BEACH, VIRGINIA 23462. **Issuance of citation is requested at this time**.

Defendant, D'Andre Dominique Reid, is an individual who may be served at Defendant's place of residence, located at 580 E. KIPP AVENUE, KEENESBURG, COLORADO 80643 or wherever Defendant may be found.  **Issuance of citation is requested at this time**.

## IV. JURISDICTION

Plaintiff's damages are within the jurisdictional limits of this Court.

## V. VENUE

Venue is proper in Dallas County, Texas, pursuant to §15.002(a)(1) of the Texas Civil Practice and Remedies Code, because the facts that give rise to the causes of action occurred in Dallas County, Texas.  The motor vehicle collision occurred in Dallas County, Texas.

## VI. FACTS

On or about November 6, 2019, Plaintiff was asleep in his sleeper bunk in his 18-wheeler truck that was parked at the loading dock at 3333 Dan Morton Drive in Dallas County, Texas. Defendant D'Andre Dominique Reid was operating his 18-wheeler truck at the same loading dock when the Defendant struck and dragged Plaintiff's 18-wheeler truck with the Plaintiff inside.  At the time of the collision, Defendant D'Andre Dominique Reid was in the course and scope of Defendant's employment with Defendant Lic-A-Load Trucking. Defendants' negligence was the proximate cause of the Plaintiff's injuries and damages.

## VII. NEGLIGENCE OF DEFENDANT D'ANDRE DOMINIQUE REID

The conduct of Defendant was the proximate cause of Plaintiff's personal injuries in that Defendant's acts or omissions constituted negligence to wit:

a.   failing to maintain a safe distance between Plaintiff's truck and Defendant's truck;

b.   failing to operate a motor vehicle attentively;

c.  failing to control the speed of a motor vehicle in violation of Texas Transportation Code §545.351;

d.  failing to keep such a look out as a person of ordinary prudence would have kept under similar circumstances;

e.  failing to timely apply the brakes to Defendant's vehicle in order to avoid collision in question;

f.  failing to turn the direction of the vehicle away from other vehicles, in order to avoid the collision;

g.  failing to use due care to avoid the collision; and

h.  failing to maintain proper control of Defendant's vehicle thus causing the collision in question.

Each of the above acts and omissions, singularly or in combination with each other, was the proximate cause of Plaintiff sustaining injuries and damages that are described below.

## VIII. <u>NEGLIGENCE PER SE – D'ANDRE DOMINIQUE REID</u>

Defendant D'Andre Dominique Reid's violations of state traffic laws constitute negligence *per se*. The Defendant's negligence *per se* was a direct and proximate cause of the collision in question and the resulting injuries and damages sustained by Plaintiff. Defendant's violations of state traffic laws include without limitation the following, and as may be shown at the time of trial of this cause:

1.  Violation of the laws of the State of Texas, including Texas Transportation Code §545.351 (a) and (b) when Defendant drove at a speed greater than is reasonable and prudent under the circumstances then existing, drove at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing, failed to control the speed of the vehicle as necessary to avoid colliding  with another person or vehicle that is on or entering the highway in compliance with law and the duty of each person to use due care, and §545.351(c) when Defendant failed to drive at an appropriate reduced speed when a special hazard existed with regard to traffic, including pedestrians, or weather or highway conditions; and

2.  Violation of the laws of the State of Texas, including Texas Transportation Code §545.401, when Defendant drove vehicle with heedless and reckless disregard of the safety and welfare of others, including Plaintiff.

The Defendant failed to comply with the above provisions of the Texas Transportation Code and such other provisions as may be shown at trial. Plaintiff is within the class of persons designed to be protected by the above referenced statutes. As such, Defendant's conduct on the occasion in question constituted negligence *per se* and a proximate cause of the Plaintiff's injuries and damages.

## IX. RESPONDEAT SUPERIOR – DEFENDANT LIC-A-LOAD TRUCKING

Plaintiff would show that at the time and on the occasion complained of, Defendant D'Andre Dominique Reid was in the course and scope of Defendant's employment with Defendant Lic-A-Load Trucking thereby making Defendant Lic-A-Load Trucking liable under the doctrine of *Respondeat Superior.* Plaintiff seeks damages within the jurisdictional limits of this Court.

## X. NEGLIGENT HIRING, SUPERVISION, TRAINING, AND/OR RETENTION BY DEFENDANT LIC-A-LOAD TRUCKING OF DEFENDANT D'ANDRE DOMINIQUE REID

Defendant Lic-A-Load Trucking owed a duty to Plaintiff to hire, supervise, train, and/or retain Defendant D'Andre Dominique Reid. Defendant Lic-A-Load Trucking breached this duty by negligently hiring, supervising, training, and retaining Defendant D'Andre Dominique Reid, and as a result of this negligence, Plaintiff was injured.

## XI. DAMAGES

Due to Defendants' negligence, Plaintiff suffered injuries and is seeking compensation for the following:

a. actual medical bills incurred by Plaintiff for which treatment was necessary and for which the amount was reasonable for these types of services in the county Plaintiff was treated;

b. medical care expenses that, in reasonable probability, Plaintiff will sustain in the future;

c.  physical pain and mental anguish sustained in the past found to be reasonable and just by the trier of fact;

d.  physical pain and mental anguish that, in reasonable probability, Plaintiff will sustain in the future as determined by the trier of fact;

e.  physical impairment sustained in the past as determined by the trier of fact;

f.  physical impairment that, in reasonable probability, Plaintiff will sustain in the future as determined by the trier of fact;

g.  lost wages/loss of earning capacity;

h.  loss of enjoyment of life;

i.  property damage, including but not limited to the deductible, collision repairs, loss of use, diminished value, and all other property damage related claims;

j.  pre/post judgment interest; and

k.  court costs.

## XII. PLAINTIFF GLENN BALKA'S FIRST SET OF DISCOVERY REQUESTS TO DEFENDANT D'ANDRE DOMINIQUE REID

### Instructions

For any requested information about a document that no longer exists or cannot be located, identify the document; state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance.  Also, identify each person having knowledge about the disposition or loss, and identify each document evidencing the existence or nonexistence of each document that cannot be located. All responses and responsive documents to Plaintiff's First Set of Discovery is due fifty (50) days from the date Defendant is served with this Petition to the **Cortez Law Firm, P.L.L.C.** located at 12801 North Central Expressway, Ste. 360, Dallas, Texas 75243.

### Definitions

The following definitions shall have the following meanings, unless the context requires otherwise:

1.  "Defendant", "you" or "your" means D'Andre Dominique Reid unless otherwise specified.

2.  "Plaintiff" or "Plaintiffs" means Glenn Balka unless otherwise specified.

3.  "Party" or "parties" as well as party's full or abbreviated name or a pronoun referring to a party, means the party, and where applicable, her or its agents, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with her or it, or under her or its control, whether directly or indirectly, including any attorney.

4.  "Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession that is equal or superior to the person who has physical possession to the item, as per TRCP 192.7.

5.  "File" means any collection or group of documents maintained, held, stored, or used together, including, without limitation, all collections of documents maintained, held, or stored in folders, notebooks, or other devices for separating or organizing documents.

6.  "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity and all predecessors or successors in interest.

7.  "Communication" means any oral or written communication of which the Defendant has knowledge, information, or belief.

8.  "Date" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

9.  "Mobile device" means cellular telephone, satellite telephone, pager, personal digital assistant, palm top computer, hand-held computer, electronic rolodex, e-book, or walkie-talkie.

10. "Identify" or "describe" when referring to a person, means you must state the following:

    a.  The full name.
    b.  The present or last known residential address and residential telephone number.
    c.  The present or last known office address and office telephone numbers.
    d.  The present occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular request.
    e.  In the case of any entity, identify the officer, employee, or agent most closely connect with the subject matter of the request and identify the officer who is responsible for supervising that officer or employee.

11. "Identify" or "describe" when referring to a document, means you must state the following:

    a.  The nature (e.g. letter, handwritten note) of the document.
    b.  The title or heading that appears on the document.
    c.  The date of the document and the date of each addendum, supplement, or other addition or change.

     d. The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered.

     e. The recent location of the document, and the name, address, position or title, and telephone number of the person or persons having custody of the document.

12. The word "and" means "and/or". The word "or" means "or/and".

13. The word "vehicle" means a vehicle that is involved in motor vehicle collision that is the subject of this suit.

14. "Collision", "incident" or "accident" means the motor vehicle collision that occurred on or about November 6, 2019 between Plaintiff and Defendant, forming the basis of this lawsuit.

### RULE 194 REQUESTS FOR DISCLOSURE TO DEFENDANT

Defendant is requested to disclose, within 50 days of service of this request, the information

and/or material required pursuant to Rule 194.

### INTERROGATORIES TO DEFENDANT

**INTERROGATORY NO. 1.**

Identify all insurance policies relevant to this suit.

ANSWER:

**INTERROGATORY NO. 2.**

Identify the Defendant with regard to the following:

     a. full name;
     b. date and place of birth;
     c. residential address;
     d. business or school address; and
     e. occupation.

ANSWER:

**INTERROGATORY NO. 3.**

If the Defendant was a licensed driver at the time of the collision, state:

     a. the full name and address that appeared on that license;
     b. the state that issued the license;

     c.   the license identification number;
     d.   the license's expiration date; and
     e.   whether any restrictions appeared on the license.

ANSWER:

**INTERROGATORY NO. 4.**

Set forth the Defendant's record of convictions with respect to traffic citations and motor vehicle collisions five (5) years prior to the collision in question.

ANSWER:

**INTERROGATORY NO. 5.**

With regard to the actual occurrence of the collision in question, state:

     a.   the model year, make, model, license plate number, vehicle identification number (VIN) and color of the vehicle Defendant was driving that was involved in the collision;
     b.   the date, time and place of the collision;
     c.   the direction in which the Defendant was traveling at the time of the collision;
     d.   the name of the roadway on which the Plaintiff was traveling and the general direction of travel prior to the collision;
     e.   the name of the roadway on which the Defendant was traveling and the general direction of travel prior to the collision;
     f.   the traffic conditions at the time of the collision; and
     g.   the roadway and weather conditions at the time of the collision.

ANSWER:

**INTERROGATORY NO. 6.**

With regard to the Defendant's vehicle at the time of the collision, state:

     a.   the owner of the vehicle at the time of the collision;
     b.   your relationship to the owner of the vehicle;
     c.   the place where the trip was commenced;
     d.   the planned destination;
     e.   the length of time the Defendant's vehicle had been in continuous operation from the commencement of the trip until the time of the collision; and
     f.   the distance, in miles, that the Defendant's vehicle had traveled from the commencement of the trip until the time of the collision.

ANSWER:

**INTERROGATORY NO. 7.**

Identify the activities of Defendant and if the Defendant or any other occupant of the vehicle, consumed any alcoholic beverages within 12 hours prior to the collision, state:

    a.  the identity of the persons who consumed the alcoholic beverages;
    b.  the place where the alcoholic beverages were consumed;
    c.  the time at which the alcoholic beverages were consumed;
    d.  the quantity and type of alcoholic beverages consumed;
    e.  the period and time over which the alcoholic beverages were consumed; and
    f.  the time the last drink was consumed.

ANSWER:

**INTERROGATORY NO. 8.**

If the Defendant or any of the Defendant's representatives has obtained any reports or statements concerning the collision, state with respect to each such report or statement:

    a.  the name, business address and title of the person or other entity who made or received the report or statement;
    b.  the date on which the report or statement was made;
    c.  the nature of the report or statement; and
    d.  the name and address of the person who has present custody of the report or statement.

ANSWER:

**INTERROGATORY NO. 9.**

If the Defendant or the Defendant's representatives has conducted, or caused to be conducted, any investigation into the facts and circumstances surrounding the collision, state for each such investigation the following:

    a.  the identity of the person who conducted the investigation, including name, address and title;
    b.  the date or dates on which the investigation was conducted;
    c.  the identity of the speaker each statement obtained by the investigator, including the name and address of the person who made the statement, the date on which the statement was made and whether the statement was signed; and
    d.  the identity including name, address and title, of the person who has presented custody of each statement obtained by the investigator.

Please note: the identity of the person conducting the investigation is not work product, nor is the information about witness statements.

ANSWER:

**INTERROGATORY NO. 10.**

If the Defendant or any of the Defendant's representatives has obtained any photographs that pertain to the facts and circumstances surrounding the collision, state for each such photograph:

    a.  the date on which the photograph was taken;
    b.  the time at which the photograph was taken;
    c.  the identity, including name, address and job title, of the person who took the photographs;
    d.  the nature of the scene the photograph depicts; and
    e.  the identity, including name, address and job title, of the person who has present custody of the photograph.

ANSWER:

**INTERROGATORY NO. 11.**

Identify every person who has impeachment or rebuttal evidence (including but not limited to ISO reports) and describe the evidence each person has. If you have enough information to anticipate the use of impeachment or rebuttal evidence or witnesses, you must provide that information.

ANSWER:

**INTERROGATORY NO. 12.**

If the Defendant had a mobile device in the vehicle at the time of the collision, identify the mobile device with regard to:
    a.  Phone make and model;
    b.  Carrier;
    c.  Phone Number;
    d.  Account number
    e.  The last time a call was made to or from the mobile device prior to the collision;
    f.  The last time a message (text, email or otherwise) was sent or received prior to the collision;
    g.  The last time data was either uploaded or downloaded by the Defendant prior to the collision;
    h.  The first time a call was made to or from the mobile device after the collision;
    i.  The first time a message (text, email or otherwise) was sent or received after the collision; and
    j.  The first time data was either uploaded or downloaded by the Defendant after the collision.

ANSWER:

**INTERROGATORY NO. 13.**

Describe how the collision occurred and state specifically what you contend caused or contributed to the cause of the collision.

ANSWER:

**INTERROGATORY NO. 14.**

Describe the conversation between you and the Plaintiff immediately after the collision.

ANSWER:

**INTERROGATORY NO. 15.**

Within the last ten (10) years, if you have ever been convicted with any felony or misdemeanor involving moral turpitude, please state in sufficient detail the nature and dates of the conviction, the court with jurisdiction regarding the conviction, and the final disposition of the conviction.

ANSWER:

**INTERROGATORY NO. 16.**

If the Defendant sought medical attention after the collision related to the collision, please identify all healthcare providers the Defendant treated with and the nature of the injuries sustained by the Defendant in connection with the collision at issue.

ANSWER:

**INTERROGATORY NO. 17.**

If you contend Plaintiff(s) had a pre-existing condition or injury, please state the basis that supports your contention.

ANSWER:

**INTERROGATORY NO. 18.**

If you have alleged any defenses/affirmative defenses or that the Plaintiff was contributory negligent, please state the basis for your assertion(s).

ANSWER:

**INTERROGATORY NO. 19.**

If you, or any agent or entity working on your behalf, has contacted any of Plaintiff's subrogors, lien holders, medical providers, or any billing administrator or bill collection service working on behalf of any of Plaintiff's medical providers for any reason, state:

    a.  The name of each subrogor, lien holder, medical provider, billing administrator and/or bill collection service contacted;

    b.  The date(s) that each such contact was made;

    c.  The form of each such contact (i.e. written or telephonically);

    d.  The name, address, phone number and employer name of the person who made each such contact;

    e.  The reason for each such contact;

    f.  Whether any such contact was recorded, and if so, the form of the recording;

    g.  Whether any such contact was subsequently confirmed in writing;

    h.  Whether any notes exist of any such contact;

    i.  Whether there is any written authorization by Plaintiff to make such contact;

    j.  Whether any payment was made to any subrogor, lien holder, medical provider, billing administrator or bill collection service; and

    k.  Whether Plaintiff or Cortez Law Firm, P.L.L.C. was listed as joint payee on any payment made to any subrogor, lien holder, medical provider, billing administrator or bill collection service.

ANSWER:

## REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

**REQUEST NO. 1.**

Produce the title to the vehicle Defendant was driving on the day of the collision.

RESPONSE:

**REQUEST NO. 2.**

Produce a true and legible copy of the front and back of Defendant's current driver's license.

RESPONSE:

**REQUEST NO. 3.**

Produce all photographs and video tapes Defendant has showing the scene or location of the collision, as well as the nature and extent of any damage to either party's vehicle as a result of the occurrence.

RESPONSE:

**REQUEST NO. 4.**

Produce the damage appraisal of Defendant's vehicle, as well as any bills, invoices, statements, or other documents showing the actual cost of repairs made to your vehicle as a result of the collision.

RESPONSE:

**REQUEST NO. 5.**

Produce copies of any criminal records relating to any party in this lawsuit, that you possess, or that you intend to use at the trial of this suit.

RESPONSE:

**REQUEST NO. 6.**

Produce all drawings, maps, or sketches of the scene of the collision.

RESPONSE:

**REQUEST NO. 7.**

Produce any surveillance movies, photographs, or videotapes of Plaintiff or of the collision.

RESPONSE:

**REQUEST NO. 8.**

Produce the police report or other report of any governmental agency relating to the collision.

RESPONSE:

**REQUEST NO. 9.**

Produce all documents regarding any medicine prescribed for Defendant thirty (30) days prior to the collision, which contains warnings regarding the operation of a motor vehicle or causing drowsiness.

RESPONSE:

**REQUEST NO. 10.**

Produce all documents relating to any inspection performed on your vehicle within the past five years.

RESPONSE:

**REQUEST NO. 11.**

Produce all documents that Defendant has, including all deposition testimony and trial transcripts, from any other lawsuits regarding motor vehicle collisions in which the Defendant has been involved.

RESPONSE:

**REQUEST NO. 12.**

Produce all documents, reports, publications, codes and regulations evidencing safety standards, laws, regulations, ordinances, or industry standards which you now contend or will contend at trial support any defensive theory.

RESPONSE:

**REQUEST NO. 13.**

Produce a copy of any contract of employment at the time of the collision that would govern Defendant's relationship with any other entity or bear on the issue of "course and scope of employment."

RESPONSE:

**REQUEST NO. 14.**

Produce any written, taped or mechanically reproduced statement made of any witness, Defendant or Plaintiff.

RESPONSE:

**REQUEST NO. 15.**

Produce all documents, correspondence, memoranda, notes, or e-mails regarding communications between your insurance company and any Plaintiff's insurance company regarding the collision and/or the Plaintiff.

RESPONSE:

**REQUEST NO. 16.**

Produce a copy of each primary, umbrella, and excess insurance policy or agreement, including the declarations page, which was in effect at the time of the collision including all non-waiver agreements, reservation of rights letters, or other documents or communications regarding any contractual obligations owed by you.

RESPONSE:

**REQUEST NO. 17.**

Produce all documents regarding all other claims being currently made against Defendant's insurance policies for collisions, other than the one made by this Plaintiff.

RESPONSE:

**REQUEST NO. 18.**

Produce any and all settlement agreements, deals, contracts, understandings, "Mary Carter" agreements, or compromises between you or your representatives and any other party, potential party, or potential third-party Defendant to this suit or its representatives, agents or insurers regarding any compromise, settlement, apportionment of liability or financial responsibility, contingent or otherwise, or alignment of the parties on any issue with respect to:

- a. The collision;
- b. Plaintiff's damages;
- c. The presentation of any testimony;
- d. Whether or how to conduct any cross examination;
- e. The performance of discovery; and/or
- f. The presentation of any defense, excuse, or inferential rebuttal.

RESPONSE:

**REQUEST NO. 19.**

Produce any information relating to any arrest or conviction to be used for impeachment purposes against any party, witness, and/or person with knowledge or relevant facts named in discovery information provided by or to you before trial. Please include the name of the person convicted, the offense for which Defendant or Defendant was arrested or convicted, the year of such arrest or conviction, the court of such conviction, and the disposition of the case or allegation.

RESPONSE:

**REQUEST NO. 20.**

Produce any and all calendars, journals, diaries, logs, or notes kept by Defendant covering the month of the collision.

RESPONSE:

**REQUEST NO. 21.**

Produce records for mobile devices owned by you at the time of the collision that depict

any type of cell phone usage, including but not limited to phone calls, texts, email usage, internet usage. For the purposes of this Request, production of records for the hour prior to and after the collision is sufficient.

RESPONSE:

**REQUEST NO. 22.**

Produce all documents and tangible things which support your contention that:

a.  any act or omission on the part of Plaintiff caused or contributed to the collision;
b.  any factor, other than a. above contributed to or was the sole cause of the collision, including but not limited to, acts or omissions of negligence of any other party or parties, or potential third-party Defendants, sudden emergency, unavoidable collision, mechanical defect or act of God;
c.  any factor caused or contributed to the Plaintiff's damages, including but not limited to, pre-existing or subsequently existing physical or medical condition or conditions of the Plaintiff;
d.  any or all of the medical expenses incurred by Plaintiff for treatment of injuries allegedly resulting from the collision were not reasonable and/or necessary; and
e.  Plaintiff's injuries, if any, were not the result of or caused by the collision.

RESPONSE:

**REQUEST NO. 23.**

Produce all documents regarding any collision in which the Defendant was involved up to ten years prior to the collision.

RESPONSE:

**REQUEST NO. 24.**

All documents and records Defendant obtains from all sources to be used at trial.  This includes, but is not limited to, any documents received via Depositions on Written Questions.

RESPONSE:

**REQUEST NO. 25.**

Produce all medical records/bills resulting from any medical treatment you received as a result of the motor vehicle collision made the basis of this litigation.

RESPONSE:

**REQUEST NO. 26.**

Cellular telephone records authorization for the production of Defendant's cellular telephone records for the date of the collision. (Please find attached form for signature and notarization).

RESPONSE:

**REQUEST NO. 27.**

Produce any and all related documents, search results, and reports from any organization or database you have obtained concerning Plaintiff's property and casualty claims for personal injuries, motor vehicle collisions, and worker's compensation made prior or subsequent to the present matter made the basis of this litigation. This request includes any documents and reports provided to you by Insurance Services Offices, Inc. ("ISO" report).

RESPONSE:

<u>**REQUESTS FOR ADMISSIONS TO DEFENDANT**</u>

Please Admit or Deny the following:

1)  Defendant was properly named in Plaintiff's Petition.

2)  Defendant is a proper party to this lawsuit.

3)  This Court has subject matter and personal jurisdiction over the Defendant.

4)  Admit venue is proper in Dallas County.

5)  Admit Defendant was properly served with process.

6)  On November 6, 2019, Defendant was operating a motor vehicle when said Defendant was involved in a multi-vehicle collision.

7)  At the time of the collision, Defendant did not own the vehicle involved in the collision.

8)  As a result of the aforementioned collision, Plaintiff sustained damages to the vehicle in which Plaintiff was traveling.

9)  At the time of the collision, Defendant was in the course and scope of Defendant's employment with a business entity, agency, or representative.

10) At the time of the collision, Defendant D'Andre Dominique Reid was in the course and scope of Defendant's employment with Defendant Lic-A-Load Trucking.

11) At the time of the collision, Defendant was violating a restriction on their driver's license.

12) The condition of the road did not contribute to the cause of the collision.

13) A sudden emergency did not contribute to the cause of the collision.

14) Lighting conditions did not contribute to the cause of the collision.

15) Weather conditions did not contribute to the cause of the collision.

16) An act of God did not contribute to the cause of the collision.

17) Defendant does not contend the collision was unavoidable.

18) On November 6, 2019, Plaintiff was exercising ordinary care or prudence in the operation of Plaintiff's vehicle so as not to endanger the safety of others.

19) Defendant, as an operator of a motor vehicle, has the duty to exercise ordinary care and prudence in the operation of Defendant's vehicle so as to not endanger the safety of others.

20) On November 6, 2019, Defendant did not exercise ordinary care or prudence in the operation of Defendant's vehicle so as not to endanger the safety of others.

21) Defendant failed to maintain a safe distance between Plaintiff's truck and Defendant's truck prior to the collision.

22) Defendant failed to operate a motor vehicle attentively prior to the collision.

23) Defendant failed to control the speed of a motor vehicle in violation of Texas Transportation Code §545.351.

24) Defendant failed to keep such a look out as a person of ordinary prudence would have kept under similar circumstances.

25) Defendant failed to timely apply the brakes to Defendant's vehicle in order to avoid collision in question.

26) Defendant failed to turn the direction of the vehicle away from other vehicles, in order to avoid the collision.

27) Defendant failed to use due care to avoid the collision.

28) Defendant failed to maintain proper control of Defendant's vehicle thus causing the collision in question.

29) Defendant failed to apply the brakes in order to avoid the collision.

30) Defendant was the proximate cause of the collision with Plaintiff.

31) Defendant was not a licensed driver at the time of this collision.

32) No defect or malfunction in the vehicle Defendant was driving contributed to the cause of the collision.

33) Defendant was distracted prior to the collision.

34) Defendant was using a global positioning system (GPS) on Defendant's mobile device at the time of the accident.

35)  Defendant had a mobile device in Defendant's vehicle at the time of the collision that is the subject of this suit that belonged to Defendant.

36) Defendant was using a mobile device when the collision occurred.

37) Defendant does not have normal vision without the use of corrective lenses, contacts, glasses, or other devices.

38) Defendant was not wearing corrective lenses, contacts, glasses, or other devices at the time of the collision.

39) Defendant was under the influence of alcohol when the collision occurred.

40) Defendant had ingested or consumed alcohol within the 24 hours before the collision.

41)  Defendant was under the influence of drugs when the collision occurred.

42) Defendant ingested or consumed drugs within 24 hours before the collision.

43) The Plaintiff was injured as a result of the collision.

44) Plaintiff did not contribute to the cause of the collision.

45) Defendant verbally admitted to Plaintiff that this collision was Defendant's fault.

46) Defendant spoke to witnesses at the scene of the collision.

47) Since the collision, Defendant or Defendant's representatives have spoken to a witness to the collision that is the subject of this lawsuit.

48) Defendant spoke to a police officer at the scene of the collision.

---

49) Defendant admitted fault for the collision to a police officer.

50) Defendant received a citation at the scene of the collision.

51) Defendant has made a recorded statement about the collision that is the subject of this suit.

52) Defendant gave a recorded statement to Defendant's liability carrier.

53) Defendant gave a recorded statement to Defendant Lic-A-Load Trucking.

54) Defendant Lic-A-Load Trucking has a safety supervisor.

55) Defendant has spoken with said safety supervisor about the collision.

56) Defendant made a phone call to the safety supervisor on the day of the collision.

57) Defendant Lic-A-Load Trucking interviewed Defendant D'Andre Dominique Reid regarding the collision.

58) Defendant received a drug test on the day of the collision.

59) Prior to the collision, Defendant had been operating Defendant's vehicle continuously for 12 or more hours in a 24-hour period.

60) Defendant completed a time sheet on the day of the collision.

61) Defendant has discussed this collision with Defendant Lic-A-Load Trucking.

62) Defendant did not drive Defendant's vehicle away from the scene of the collision.

63) Plaintiff stated Plaintiff was injured at the scene of the collision that is the subject of this suit.

64) Defendant took photographs at the scene of the collision.

65) Defendant apologized to Plaintiff at the scene of the collision.

66) Defendant has tried to contact Plaintiff since the collision.

67) D'Andre Dominique Reid is listed as the owner on the title of the vehicle involved in this collision.

68) Lic-A-Load Trucking is listed as the owner on the title of the vehicle involved in this collision.

69) Defendant was injured from the collision with Plaintiff.

70) Defendant was under the care of a medical practitioner during the month prior to the collision.

71) Defendant was the proximate cause of Plaintiff's damages.

72) Admit Defendant's negligence was a proximate cause of Plaintiff's medical expenses.

73) Admit Plaintiff suffered physical pain and mental anguish as a result of Defendant's negligence.

74) Defendant saw property damage to the Plaintiff's vehicle.

75) Defendant admitted fault for the collision to Plaintiff.

76) Defendant stipulates that Defendant's negligence was the sole proximate cause of the motor vehicle collision *(A stipulation of negligence will <u>not</u> be accepted later if this is originally denied <u>and monetary sanctions will be sought for the time spent on this undisputed matter</u>)*.

### XIII. <u>PLAINTIFF GLENN BALKA'S FIRST SET OF DISCOVERY REQUESTS TO DEFENDANT LIC-A-LOAD TRUCKING</u>

#### <u>Instructions</u>

For any requested information about a document that no longer exists or cannot be located, identify the document; state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss, and identify each document evidencing the existence or nonexistence of each document that cannot be located. All responses and responsive documents to Plaintiff's First Set of Discovery is due fifty (50) days from the date Defendant is served with this Petition to the **Cortez Law Firm, P.L.L.C.** located at 12801 North Central Expressway, Ste. 360, Dallas, Texas 75243.

#### <u>Definitions</u>

The following definitions shall have the following meanings, unless the context requires otherwise:

1. "Defendant". "you" or "your" means Lic-A-Load Trucking unless otherwise specified.

2. "Plaintiff" or "Plaintiffs" means Glenn Balka unless otherwise specified.

3. "Party" or "parties" as well as party's full or abbreviated name or a pronoun referring to a party, means the party, and where applicable, her or its agents, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with her or it, or under her or its control, whether directly or indirectly, including any attorney.

4. "Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession that is equal or superior to the person who has physical possession to the item, as per TRCP 192.7.

5. "File" means any collection or group of documents maintained, held, stored, or used together, including, without limitation, all collections of documents maintained, held, or stored in folders, notebooks, or other devices for separating or organizing documents.

6. "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity and all predecessors or successors in interest.

7. "Communication" means any oral or written communication of which the Defendant has knowledge, information, or belief.

8. "Date" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

9. "Mobile device" means cellular telephone, satellite telephone, pager, personal digital assistant, palm top computer, hand-held computer, electronic rolodex, e-book, or walkie-talkie.

10. "Identify" or "describe" when referring to a person, means you must state the following:

    a. The full name.
    b. The present or last known residential address and residential telephone number.
    c. The present or last known office address and office telephone numbers.
    d. The present occupation, job title, employer, and employer's address at the time of the
    e. event or period referred to in each particular request.
    f. In the case of any entity, identify the officer, employee, or agent most closely connect with the subject matter of the request and identify the officer who is responsible for supervising that officer or employee.

11. "Identify" or "describe" when referring to a document, means you must state the following:

    a. The nature (e.g. letter, handwritten note) of the document.
    b. The title or heading that appears on the document.
    c. The date of the document and the date of each addendum, supplement, or other addition or change.
    d. The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered.
    e. The recent location of the document, and the name, address, position or title, and telephone number of the person or persons having custody of the document.

12. The word "and" means "and/or". The word "or" means "or/and".

13. The word "vehicle" means a vehicle that is involved in motor vehicle collision that is the subject of this suit.

14. "Collision", "incident" or "accident" means the motor vehicle collision that occurred on or about November 6, 2019 between Plaintiff and Defendant, forming the basis of this lawsuit.

### RULE 194 REQUESTS FOR DISCLOSURE TO DEFENDANT

Defendant is requested to disclose, within 50 days of service of this request, the information

and/or material required pursuant to Rule 194.

### INTERROGATORIES TO DEFENDANT

**INTERROGATORY NO. 1.**

Please state whether this business entity has had a transfer of ownership in the last five years; and if so, the dates of transfer, the parties or entities to the transfer, and current owner(s).

ANSWER:

**INTERROGATORY NO. 2.**

Please state the names, address, and phone numbers of Defendant Lic-A-Load Trucking, its agents/employees and/or representatives who first authorized Defendant D'Andre Dominique Reid to drive the vehicle which was involved in the incident made the basis of this suit.

ANSWER:

**INTERROGATORY NO. 3.**

Please state the name and address, phone number of each person having any knowledge, of relevant facts related to the collision which is the basis of this suit, the cause thereof, or the damages resulting therefrom.

ANSWER:

**INTERROGATORY NO. 4.**

State the last known address and contact information of Defendant D'Andre Dominique Reid, when you first employed Defendant D'Andre Dominique Reid, and how long Defendant D'Andre Dominique Reid has worked for/done business with Defendant Lic-A-Load Trucking.

ANSWER:

**INTERROGATORY NO. 5.**

Describe any insurance agreement under which any insurance business may be liable to

satisfy part or all of the judgment which may be entered in this action, or to indemnify or reimburse for payments made to satisfy the judgment, the name of the insurer, and the amount of any liability insurance coverage.

ANSWER:

**INTERROGATORY NO. 6.**

Describe in detail what damage, if any, was done to Defendant Lic-A-Load Trucking's vehicle that Defendant D'Andre Dominique Reid was driving and which was involved in this collision drove in this accident, and give the cost of repair to such vehicle.

ANSWER:

**INTERROGATORY NO. 7.**

Describe any information you have indicating, or any reason you have to believe, that there was any defect or failure on the part of any vehicle or equipment involved in the collision.

ANSWER:

**INTERROGATORY NO. 8.**

Please state who gave Defendant D'Andre Dominique Reid the authority to drive the vehicle owned by Defendant Lic-A-Load Trucking, involved in the collision.

ANSWER:

**INTERROGATORY NO. 9.**

Please state whether or not you have a copy of any statement which the Plaintiff or any other person with knowledge of relevant facts have previously made concerning the action or its subject matter and which is in your possession, custody or control.  (For the purpose of this question, a statement previously made is: (1) a written statement signed or otherwise adopted or approved by the person making it, or (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.)

If so, state the name of the person giving the statement, the date of the statement, the name of the person taking the statement and who now has possession of such statement.

ANSWER:

**INTERROGATORY NO. 10.**

Please state whether Defendant Lic-A-Load Trucking loaned/leased/rented/made available the vehicle to Defendant D'Andre Dominique Reid on the date of the collision.

ANSWER:

**INTERROGATORY NO. 11.**

Has Defendant Lic-A-Load Trucking been sued in the last five (5) years for negligent entrustment or respondent superior by other parties for a wrongful death or a personal injury claim? If yes, then please state the Court and Cause number of said proceedings.

ANSWER:

**INTERROGATORY NO. 12.**

What is the relationship between Defendant D'Andre Dominique Reid and Defendant Lic-A-Load Trucking in this cause of action?

ANSWER:

**INTERROGATORY NO. 13.**

If the defendant or the defendant's representatives has conducted, or caused to be conducted, any investigation into the facts and circumstances surrounding the collision, state for each such investigation the following:

      a. the identity of the person who conducted the investigation, including name, address and title;
      b. the date or dates on which the investigation was conducted;
      c. the identity of the speaker each statement obtained by the investigator, including the name and address of the person who made the statement, the date on which the statement was made and whether the statement was signed; and
      d. the identity including name, address and title, of the person who has presented custody of each statement obtained by the investigator.

Please note: the identity of the person conducting the investigation is not work product, nor is the information about witness statements.

ANSWER:

**INTERROGATORY NO. 14.**

If you contend Plaintiff had a pre-existing condition or injury, please state the basis that supports your contention.

ANSWER:

**INTERROGATORY NO. 15.**

If you have alleged any defenses/affirmative defenses or that the Plaintiff was contributory negligent, please state the basis for your assertion(s).

ANSWER:

**INTERROGATORY NO. 16.**

If you, or any agent or entity working on your behalf, has contacted any of Plaintiff's subrogors, lien holders, medical providers, or any billing administrator or bill collection service working on behalf of any of Plaintiff's medical providers for any reason, state:

   a. The name of each subrogor, lien holder, medical provider, billing administrator and/or bill collection service contacted;
   b. The date(s) that each such contact was made;
   c. The form of each such contact (i.e. written or telephonically);
   d. The name, address, phone number and employer name of the person who made each such contact;
   e. The reason for each such contact;
   f. Whether any such contact was recorded, and if so, the form of the recording;
   g. Whether any such contact was subsequently confirmed in writing;
   h. Whether any notes exist of any such contact;
   i. Whether there is any written authorization by Plaintiff to make such contact;
   j. Whether any payment was made to any subrogor, lien holder, medical provider, billing administrator or bill collection service; and
   k. Whether Plaintiff or Cortez Law Firm, P.L.L.C. was listed as joint payee on any payment made to any subrogor, lien holder, medical provider, billing administrator or bill collection service.

ANSWER:

## REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

1. All photographs taken in connection with Plaintiff's cause of action in the possession, constructive possession, custody or control of Defendant Lic-A-Load Trucking.

**RESPONSE:**

2. All photographs taken of the scene of the collision or the surrounding area of the scene of the collision in the possession, constructive possession, custody or control of Defendant Lic-A-Load Trucking.

**RESPONSE:**

3. All photographs taken of Plaintiff which may be in the possession, constructive possession, custody or control of Defendant Lic-A-Load Trucking.

**RESPONSE:**

4. All pictures, motion pictures, movies, films, or photographic material of any kind taken of

Plaintiff which is in the possession, constructive possession, custody or control of Defendant Lic-A-Load Trucking.

**RESPONSE:**

5.     All pictures, motion pictures, movies, films, or photographic material of any kind concerning the scene, vehicles, products or the events and happenings made the basis of the lawsuit taken before, during or after the collision in question which are in the possession, constructive possession, custody or control of Defendant Lic-A-Load Trucking.

**RESPONSE:**

6.     All written statements made by any witness, Plaintiff or any Defendant in the possession, constructive possession, custody or control of Defendant Lic-A-Load Trucking.

**RESPONSE:**

7.     All oral statements made by any witness, Plaintiff or any Defendant which were either recorded or taped on an electronic device or recorder which are in the possession, constructive possession, custody or control of Defendant Lic-A-Load Trucking.

**RESPONSE:**

8.     A copy of all documents filed with any state, county, city, federal or governmental agency, institution or department containing information about any witness, Plaintiff or any Defendant which are in the possession, constructive possession, custody or control of Defendant Lic-A-Load Trucking.

**RESPONSE:**

9.     All written reports of inspection, tests, writings, drawings, graphs, charts, recordings or opinions of any expert who has been used for consultation and whose work product forms a basis either in whole or in part of the opinions of an expert who is to be called as a witness. (If the discoverable factual materials have not been received or reduced to a tangible form, request is hereby made that Defendant Lic-A-Load Trucking, advise Plaintiff accordingly and reduce such material to a tangible form).

**RESPONSE:**

10.    A curriculum vitae or resume for any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert.

**RESPONSE:**

11.    Any and all copies of investigation documentation, reports and/or memoranda made by or submitted to Defendant Lic-A-Load Trucking, as a result of the collision which has been

Case 3:21-cv-00255-E   Document 1-1   Filed 02/04/21   Page 29 of 42   PageID 37


made the basis of Plaintiff's lawsuit.

**RESPONSE:**

12.     Any and all written communications, including but not limited to letters and/or memorandums, between agents, employees and/or representatives of Defendant Lic-A-Load Trucking prepared as a result of the collision made the basis of Plaintiff's lawsuit.

**RESPONSE:**

13.     Copies of estimates, invoices, and/or any other written documentation which were prepared as a result of the damage to any vehicles involved in the collision made the basis of Plaintiff's lawsuit.

**RESPONSE:**

14.     Copies of any contracts or agreements between Defendant Lic-A-Load Trucking and any maintenance records or repair services dealing with the motor vehicle owned by Defendant Lic-A-Load Trucking involved in the collision.

**RESPONSE:**

15.     Copies of any and all books, documents or other tangible things which may or may not be introduced at trial, but which may have a bearing on Plaintiff's cause of action and may be used as demonstrative evidence at trial.

**RESPONSE:**

16.     All documents relating to or evidencing the driving assignments of Defendant D'Andre Dominique Reid for the week leading up to the collision in question.

**RESPONSE:**

17.     All documents evidencing hiring procedures, guidelines and requirements for employees entrusted with a vehicle.

**RESPONSE:**

18.     All communications (including e-mail, text messages, blog posts memorandums, and inter-office memos) exchanged between any of the Defendants or amongst or between the agents of any defendant concerning and/or referring to the criminal and/or driving and/or behavioral history of Defendant D'Andre Dominique Reid.

**RESPONSE:**

19.     All documents pertaining to or evidencing safety policies, safety training and safety

PLAINTIFF'S ORIGINAL PETITION AND WRITTEN DISCOVERY TO DEFENDANTS    PAGE 28 OF 40

procedures, if any, that were given to Defendant D'Andre Dominique Reid.

**RESPONSE:**

20.    All documents pertaining to or evidencing training procedures and safety policies given to Defendant D'Andre Dominique Reid with respect to operating Defendant Lic-A-Load Trucking's vehicle.

**RESPONSE:**

21.    Produce any and all documents evidencing investigations (or evidencing that an investigation took place) by any third parties, including but not limited to any law enforcement officials involving Defendants or Defendants' agents or employees with regard to any civil matters in any way pertaining to prior motor vehicle collisions with Defendant Lic-A-Load Trucking's motor vehicles.

**RESPONSE:**

22.    All documents reflecting a corporate organization chart for Defendant Lic-A-Load Trucking, since its formation and any changes to same as it applies to safety and operation of company vehicles.

**RESPONSE:**

23.    Produce any and all documents which relate to Lic-A-Load Trucking's communications with Plaintiff in this lawsuit.

**RESPONSE:**

24.    Produce any and all court documents, such as pleadings and judgments, pertaining to or reflecting any civil action in which Defendant Lic-A-Load Trucking ever been involved as a party pertaining to motor vehicle collisions since formation. (This request is limited to the State of Texas within the five years from the collision until the present time).

**RESPONSE:**

25.    Produce any and all interoffice memoranda or other communications between Defendant Lic-A-Load Trucking, and its employees and any other third parties relating to Defendant D'Andre Dominique Reid or the subject matter of this lawsuit.

**RESPONSE:**

26.    Produce any and all documents, including, but not limited to, settlement agreements, releases, checks, drafts, contracts, and other written materials reflecting or pertaining to the terms, conditions and payment of any settlement or release made by or to Defendant with any other person or entity relating to the occurrences or damages which are the subject of this lawsuit.

**RESPONSE:**

27.     Produce any and all charts, models, blow-ups, pictures, photographs, illustrations, diagrams or other documents or tangible things which you intend to use as a demonstrative exhibit or aid at the trial of this lawsuit.

**RESPONSE:**

28.     All documents and other tangible things supporting your any of your affirmative defenses.

**RESPONSE:**

29.     All documents pertaining to the employment history of Defendant D'Andre Dominique Reid. Including but not limited to, job application, drug screening results, alcohol screening results, background checks, driving records, employment history, job performance reports, incident reports, medical records, performance review, disciplinary incidents or complaints, etc.

**RESPONSE:**

30.     Produce Defendant D'Andre Dominique Reid's Drug and Alcohol Testing Records, including any post-collision testing, the driver's pre-employment screening, records relating to any random testing, records relating to any reasonable suspicion testing, any refusal to submit to testing, and any rehabilitation records.

**RESPONSE:**

31.     All documents pertaining to the vehicle in question; including but not limited to, vehicles inspections, any maintenance on the vehicle, any collision reports, any driver's logs, any custody reports pertaining to the possession of the vehicle, title to the vehicle at the time of the incident, ext.

**RESPONSE:**

32.     All documents and materials of any nature concerning your contention that Plaintiff caused or contributed to any part of this incident.

**RESPONSE:**

33.     All documents pertaining to all vehicles owned by Defendant Lic-A-Load Trucking relating to vehicles inspections and any maintenance on the vehicle.

**RESPONSE:**

34.     Produce Defendant D'Andre Dominique Reid's Driver Investigative History File. This includes the records obtained from the Defendant D'Andre Dominique Reid's previous

employers relating to a driver's safety performance history.

**RESPONSE:**

35.    Produce Defendant D'Andre Dominique Reid's Driver Qualification File. This file should include the driver's employment application, records relating to inquiries to previous employers, responses to driving record inquiries, the driver's Road Test Certificate, records relating to driver's annual review, driver's annual certification of traffic violations, and the driver's Medical Certificate.

**RESPONSE:**

36.    All documents showing the existence and contents of any indemnity or insuring agreement held by Defendant.

**RESPONSE:**

37.    All documents pertaining to any responsible third-party designation made by you.

**RESPONSE:**

38.    All documents and photographs constituting a statement made by any person concerning any of the facts, allegations or claims made with respect to this lawsuit – a witness statement – regardless of when the statement was made, pursuant to Rule 192.3(h).

**RESPONSE:**

39.    All documents constituting any settlement agreement of any kind (whether oral, written, or otherwise) made by you and any other person regarding any of the claims or causes of action concerning the occurrence in question.

**RESPONSE:**

40.    All documents which you may offer as evidence under the provisions of Rule 609, Texas Rules of Civil Evidence with respect to the arrest or criminal conviction(s), if any, of Plaintiff, or any other witness, party or person with knowledge of relevant facts identified in any discovery responses in this lawsuit.

**RESPONSE:**

41.    A copy of any industry standard or custom that you, or any expert witness you may call to testify in this lawsuit, believe is an established and reliable authority with respect to the subject matter of this lawsuit.

**RESPONSE:**

42.   Any and all documents or evidence that may be used by or on behalf of the Defendant Lic-A-Load Trucking, in this case for impeachment of any party or witness.

**RESPONSE:**

43.   All documents prepared or generated by any law enforcement agency, Texas State agency, or any security agency which relate to the occurrence which forms the basis of this suit.

**RESPONSE:**

44.   Produce any and all settlement agreements, deals, contracts, understandings, "Mary Carter" agreements, or compromises between you or your representatives and any other party, potential party, or potential third-party Defendant to this suit or its representatives, agents or insurers regarding any compromise, settlement, apportionment of liability or financial responsibility, contingent or otherwise, or alignment of the parties on any issue with respect to:

a.   The incident;
b.   Plaintiff's damages;
c.   The presentation of any testimony;
d.   Whether or how to conduct any cross examination;
e.   The performance of discovery; and/or
f.   The presentation of any defense, excuse, or inferential rebuttal.

**RESPONSE:**

45.   All documents pertaining to your relationship with Defendant D'Andre Dominique Reid.

**RESPONSE:**

46.   All files maintained pursuant to the application, training and periodic review of Defendant, D'Andre Dominique Reid, which is required as a course of industry standard as well as compliance with the Commercial Driver's License Standards (49 CFR Part 383) and Federal Motor Carrier Safety Regulations (49 CFR Part 391); Produce the driver qualification file kept by you pertaining to Defendant D'Andre Dominique Reid. This request seeks production of documents pertaining to D'Andre Dominique Reid which include, but are not limited to:

a.   Employee application.
b.   list of previous employers for the 10 years preceding the date of employee application;
c.   the reasons for leaving said employments;
d.   medical examiner's certificate showing that D'Andre Dominique Reid was medically certified, to drive a tractor-trailer on the date of the incident in question;

e.      a note and/or notes showing when and who from Lic-A-Load Trucking reviewed
        D'Andre Dominique Reid's driving record with Defendant for each year of
        employment;

f.      a list of certificates showing all violations of motor vehicle laws and ordinances
        pertaining to D'Andre Dominique Reid for the last 10 years;

g.      Responses from state agencies and employment to your inquiries about D'Andre
        Dominique Reid's employment and driving records within the last 10 years.

h.      certificate of road test;

i.      records of drug and alcohol tests for the last 10 years;

j.      collision register listing all DOT recordable, preventable accidents for the last 10
        years;

k.      all documents which you are required to maintain pertaining to D'Andre Dominique
        Reid pursuant to 49 CFR 391.51;49 CFR 391.27 and/or 49 CFR 391.31(e).

l.      copies of all road inspection reports for both D'Andre Dominique Reid and Lic-A-
        Load Trucking's tractors and trailers conducted by state and municipal law
        enforcement agencies, as required by Federal Motor Carrier Safety Regulations
        section 390.30 and state and municipal statutes.

**RESPONSE:**

47.     All records pertaining to the routine course of business, dispatching and bills of lading of
        Defendant, D'Andre Dominique Reid, for the subject collision date and all such documents
        for a period of three (3) months preceding the subject collision and the date of the accident:

        a.      Any and all tachometer records;
        b.      Any and all on-board computer records;
        c.      Any and all dispatch records;
        d.      Any and all fax transmissions;
        e.      Any and all telephone records;
        f.      Any and all mobile radio records;
        g.      Any and all trip summaries;
        h.      Any and all delivery manifests and/or way bills;
        i.      Any and all credit card receipts;
        j.      Any and all fuel receipts;
        k.      Any and all weight tickets;
        l.      Any and all expense sheets;
        m.      Any and all bills of lading;
        n.      Any and all records and/or print-outs by any on-board recording devices which the
                tractor in question was equipped with at the time of the incident in question.

**RESPONSE:**

48.     All records pertaining to the routine course of business, dispatch logs, driver call in logs,
        telephone records of driver/dispatch communications for a period of three (3) months
        preceding the subject collision and for the date of the collision.

**RESPONSE:**

49.    All fuel receipts, toll receipts, hotel/motel receipts, meal receipts of Defendant D'Andre
        Dominique Reid and vehicle for a period of three (3) months preceding the subject collision
        and for the date of the collision.

**RESPONSE:**

50.    All driver's daily logs maintained pursuant to 49 CFR Part 395 of the Federal Motor Carrier
        Safety Regulations for Defendant D'Andre Dominique Reid for the 6 months before the
        collision and the 3 months after the date of collision.

**RESPONSE:**

51.    All driver's daily inspection reports also known as the pre-trip inspections performed by
        D'Andre Dominique Reid pursuant to 49 CFR Part 396.11 and 396.13 for the 6 months
        before the collision and 3 months after the date of the collision, including the day of the
        collision.

**RESPONSE:**

52.    All mechanically produced records by an on-board recording device of the subject vehicle to
        include but not to be limited to tacograph, electronic engine controls, engine and message
        displays, instrument cluster units, Caterpillar Information Display, Cummins Road Relay,
        Detroit Diesel ProDriver, Digitax Automotive Electronics, Black Box, ARDIS, RAM
        MOBILE DATA, Hubometer, Tripmaster, Cadec, QualComm, QVIMS, Trailertracs,
        Omnitracs, Eaton Vorad, or any similar device (if your vehicles are so equipped) for the date
        of the collision and the 6 months before and after the collision.

**RESPONSE:**

53.    Any and all maintenance records on Defendant Lic-A-Load Trucking's 18-wheeler truck
        involved in this collision since the date of the collision.

**RESPONSE:**

54.    Any and all maintenance and/or repair records pertaining to Defendant Lic-A-Load
        Trucking's 18-wheeler truck involved in the collision for a period of two (2) years prior to
        the collision and for repairs/maintenance done as a result of the collision.

**RESPONSE:**

55.    Any and all estimates pertaining to the cost of repair of any damage to Defendant Lic-A-
        Load Trucking's 18-wheeler truck involved in the collision which resulted from the
        collision.

**RESPONSE:**

56.     All information contained in any GPS or other system that was aboard the Defendant Lic-A-Load Trucking's 18-wheeler truck involved in the collision for the date of the collision and the two (2) months before the collision.

**RESPONSE:**

57.     All documents, including any computer print-out log, record and/or report regarding the fuel consumption for a period of one month prior to the date of the collision made the basis of this lawsuit and/or Lic-A-Load Trucking's 18-wheeler truck that was involved in this collision as well as any other vehicle in which D'Andre Dominique Reid was driving during this time period.

**RESPONSE:**

58.     All data for a period of six months prior to the collision in question, including the day of the collision in question, contained on the Qualcomm (or any other equivalent on-board computer or messaging device) reel tapes maintained at Insured's headquarters relating to the Defendants' vehicle involved in the collision.

**RESPONSE:**

59.     All data that you have in your custody, care or control relating to the electronic control module (ECM) on the Defendant Lic-A-Load Trucking's 18-wheeler truck involved in the collision that you have for a period of fourteen (14) days prior to the incident in question.

**RESPONSE:**

60.     Any and all records produced or received pursuant to inspections by State or Federal officials include inspection reports produced under the Motor Carrier Safety Assistance Programs (MCSAP);

**RESPONSE:**

61.     Any and all records maintained on Defendant Lic-A-Load Trucking's 18-wheeler truck identified by **License#25-745; State of VA**.

**RESPONSE:**

62.     Any notes, records, or statements produced to facilitate completion of this collision register pursuant to compliance with 49 CFR Part 390.15 of the Federal Motor Carrier Safety Regulations.

**RESPONSE:**

63.     A copy of the collision register and reports filed pursuant to 49 CFR Part 390.15 of the Federal Motor Carrier Safety Regulations.

**RESPONSE:**

64.     Any records of the weighing the tractor and trailer involved in the collision in question pursuant to a bill of lading or any weighing of vehicles to your control by State or Federal officials pursuant to weight control and enforcement.

**RESPONSE:**

65.     Any blood alcohol test performed on Defendant D'Andre Dominique Reid.

**RESPONSE:**

66.     Produce records for cell phone(s) owned by you at the time of the collision that were made available to Defendant D'Andre Dominique Reid at the time of the wreck depicting any type of cell phone usage, including but not limited to phone calls, texts, email usage, Internet usage. For the purposes of this Request, production of records for the hour prior to and after the collision is sufficient.

**RESPONSE:**

67.     Produce all documents pertaining to policies and procedures in effect at the time of the collision pertaining to driving safety.

**RESPONSE:**

68.     Produce all documents pertaining to the policies and procedures in effect at the time of the collision regarding hiring of drivers by this Defendant.

**RESPONSE:**

69.     Produce all documents pertaining to the policies and procedures in effect at the time of the collision regarding training of drivers by this Defendant.

**RESPONSE:**

70.     Produce all documents pertaining to the policies and procedures in effect at the time of the collision regarding supervision of drivers by this Defendant.

**RESPONSE:**

71.     Produce all documents pertaining to the policies and procedures in effect at the time of the collision regarding retention of drivers by this Defendant.

**RESPONSE:**

72.     Produce any inquiry report/record made of Defendant D'Andre Dominique Reid's traffic
        violations at the time he was hired by Defendant Lic-A-Load Trucking through the date of
        the collision.

**RESPONSE:**

73.     Cellular telephone records authorization for the production of Defendant D'Andre
        Dominique Reid's work cellular telephone records for the date of the collision. (Please find
        attached form for signature and notarization).

**RESPONSE:**

74.     Produce any and all related documents, search results, and reports from any organization
        or database you have obtained concerning Plaintiff's property and casualty claims for
        personal injuries, motor vehicle collisions, and worker's compensation made prior or
        subsequent to the present matter made the basis of this litigation. This request includes
        any documents and reports provided to you by Insurance Services Offices, Inc. ("ISO"
        report).

**RESPONSE:**

<u>**REQUESTS FOR ADMISSIONS TO DEFENDANT**</u>

Please Admit or Deny the following:

1)  Defendant was properly named in Plaintiff's Petition.

2)  Defendant is a proper party to this lawsuit.

3)  This Court has subject matter and personal jurisdiction over the Defendant.

4)  Admit venue is proper in Dallas County.

5)  Admit Defendant was properly served with process.

6)  Defendant D'Andre Dominique Reid was acting in Defendant Lic-A-Load Trucking's
    course and scope of employment at the time of this collision.

7)  Defendant D'Andre Dominique Reid was your employee at the time of this collision.

8)  Defendant spoke to witnesses from the scene of the collision.

9)  Since the collision, Defendant or Defendant's representatives have spoken to witnesses.

10) Defendant D'Andre Dominique Reid was operating a vehicle owned by you at the time of this collision.

11) It was Defendant D'Andre Dominique Reid's negligent operation of a motor vehicle that was the proximate cause of this collision.

12) Defendant D'Andre Dominique Reid was an agent of Defendant Lic-A-Load Trucking at the time of this collision.

13) Defendant D'Andre Dominique Reid was never trained by Defendant Lic-A-Load Trucking to operate motor vehicles prior to this collision.

14) Defendant D'Andre Dominique Reid was never supervised by Defendant Lic-A-Load Trucking to ensure that Defendant D'Andre Dominique Reid operated motor vehicles properly prior to this collision.

15) Defendant Lic-A-Load Trucking was aware that Defendant D'Andre Dominique Reid was unfit to operate Defendant Lic-A-Load Trucking's vehicles prior to this collision.

16) Defendant Lic-A-Load Trucking, should have been aware that Defendant D'Andre Dominique Reid was unfit to operate Defendant Lic-A-Load Trucking's vehicles prior to this collision.

17) An agent, employee, or supervisor of Defendant Lic-A-Load Trucking received a call from Defendant D'Andre Dominique Reid on the day of the collision.

18) Defendant Lic-A-Load Trucking sent a safety supervisor to the collision site on the day of the collision.

19) Defendant Lic-A-Load Trucking administered a drug test to Defendant D'Andre Dominique Reid after the collision.

## XIV. CONDITIONS PRECEDENT

All conditions precedent have been performed or have occurred.

## XV. INTENT TO USE DOCUMENTS

Plaintiff hereby gives actual notice to Defendants that any and all documents produced during discovery may be used against the Defendants at any pre-trial proceeding and/or trial of this matter without the necessity of authenticating the document. This notice is given pursuant to Rule 193.7 of the Texas Rules of Civil Procedure.

## XVI. U.S. LIFE TABLES

Plaintiff hereby gives notice to Defendants that Plaintiff intends to use the U.S. Life Tables as used by the U.S. Department of Health and Human Services

## XVII. RELIEF

**WHEREFORE**, Plaintiff respectfully request that Defendants be cited to appear and answer, and that on final trial, Plaintiff be awarded judgment against Defendants for the following damages:

a. medical care expenses sustained in the past;

b. medical care expenses that, in reasonable probability, Plaintiff will sustain in the future;

c. physical pain and mental anguish sustained in the past;

d. physical pain and mental anguish that, in reasonable probability, Plaintiff will sustain in the future;

e. physical impairment sustained in the past;

f. physical impairment that, in reasonable probability, Plaintiff will sustain in the future;

g. lost wages/loss of earning capacity;

h. loss of enjoyment of life;

i. property damage, including but not limited to the deductible, collision repairs, loss of use, diminished value, and all other property damage related claims;

j. pre/post judgment interest;

k. court costs; and

l. for such other and further relief, at law or equity, to which Plaintiff will be justly entitled.

Respectfully submitted,

**CORTEZ LAW FIRM, P.L.L.C.**

By:_____
**CARLOS R. CORTEZ**
Texas Bar No. 00796407
Email: ccortez@cortezlawfirmpllc.com
**MEGNA WADHWANI**
Texas Bar No. 24034728
Email: mwadhwani@cortezlawfirmpllc.com
**CORTEZ LAW FIRM, P.L.L.C.**
12801 North Central Expressway, Suite 360
Dallas, Texas 75243
Tel: 214-919-4208
Fax: 214-919-4209
**ATTORNEYS FOR PLAINTIFF**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Megna Wadhwani
Bar No. 24034728
mwadhwani@cortezlawfirmpllc.com
Envelope ID: 49330824
Status as of 12/31/2020 12:04 PM CST

Associated Case Party: GLENN BALKA

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Stephanie Angel | | sangel@cortezlawfirmpllc.com | 12/31/2020 11:08:16 AM | SENT |
| Carlos RCortez | | ccortez@cortezlawfirmpllc.com | 12/31/2020 11:08:16 AM | SENT |
| Megna Wadhwani | | mwadhwani@cortezlawfirmpllc.com | 12/31/2020 11:08:16 AM | SENT |